José Agustín Miranda, Plaintiff and Appellant-Appellee, *v.* María Echagaray de Viera et al., Defendants and Appellees-Appellants.

No. 5777. Argued December 10, 1943.—Decided January 18, 1944.

*L .Morales Contreras* and *D. Guerero Noble* for appellant-appellee.
*Rafael Soltero Peralta* for appellees-appellants.

Mr. Acting Chief Justice Travieso delivered the opinion of the court.

On August 5, 1939, Teodoro Viera and his wife, María Echegaray, on the one hand, and the plaintiff José Agustín Miranda, on the other, entered into a written contract of

"Option to Sell" whereby the former bound themselves to sell to the latter a lot measuring 1965.28 square meters, situated in Hato Rey, Municipal District of Río Piedras, for the agreed price of $750.00. The pertinent clauses of said contract were as follows:

1st. The Viera spouses bound themselves to sell the lot "as soon as the Federal Housing Administration through Banco Popular de Puerto Rico, accepts said lot for the construction of a house which shall be built with funds borrowed from said federal agency."

2d. The contract was to be rescinded and canceled only in the following cases: (1) if at the time of the execution of the deed there should arise some legal impediment respecting the title, in which case Mr. Viera would not be liable for any damages; (2) in case the loan application filed in the Banco Popular should not be approved by either said bank or the Federal Housing Administration; and (3) in case the lot should not be acceptable to those institutions and the loan should be denied.

Mr. Viera having died before the consummation of said contract, José Agustín Miranda, on May 13, 1941, brought suit in the District Court of San Juan against the heirs of Viera. After setting forth the facts which we have already stated, plaintiff alleged as a first cause of action that the defendants accepted the inheritance left by Viera and took possession of the estate which included the lot involved in the contract; that there has not been heretofore nor is there now, any legal impediment respecting the title to the lot which would prevent the execution of the contract of sale; that in order to carry out said contract the plaintiff Miranda applied for the loan, which has not been rejected or denied by the Banco Popular or the Federal Housing Administration; and that the failure to approve the loan has been due to the negligence of the defendants in not furnishing the data required by said institutions. He further alleged that,

in order not to have to depend upon the above-mentioned loan, he deposited in the Banco Popular, at the disposal of the defendants, the sum of $750.00 and notified them in writing accordingly; and, lastly, that notwithstanding the various demands made upon them for the execution of a conveyance in favor of the plaintiff, the defendants have refused to perform the agreement.

In an alleged second cause of action, the plaintiff claimed $1,500 as damages said to have been sustained by him, together with costs and attorney's fees.

The plaintiff prayed that the defendants be adjudged to execute the contract of sale of the lot in favor of the plaintiff and to pay the sums claimed.

After a demurrer for insufficiency had been overruled, the defendants answered and denied the essential allegations of the complaint, and set up the following special defenses: (a) That the agreement was terminated by the fulfillment of the resolutory conditions contained in the same and by the time elapsed without the option being exercised; (b) that the defendants had not bound themselves to furnish any information to the bank as a condition precedent to the approval of the loan; (c) that it is the practice of the above-mentioned federal agency to approve or reject loan applications within three months after the same have been filed; and (d) that it would be physically and legally impossible to fulfill the agreement, because the lot described therein formed part of a larger tract of ten acres (cuerdas) which has been divided among the heirs of Viera who sold their respective portions to third persons.

As soon as the above answer was served on him, the plaintiff, by leave of court, filed a supplemental complaint in which he alleged that the lot claimed by him has at present a value of $5,895.84. He prayed that in case defendants should not be able to execute a conveyance of the lot, they be adjudged to pay to him the value of the same less the

sum of $750, which was the price stipulated in the agreement. The defendants then answered and denied specifically the facts alleged in the supplemental complaint.

On November 17, 1942, the lower court rendered judgment dismissing the complaint and imposed the costs on plaintiff. The defendants appealed, as they disagreed with the grounds of the judgment. They have done nothing to perfect their appeal, having failed to file any brief or to appear at the hearing, and for these reasons said appeal must be dismissed.

In support of the appeal taken by the plaintiff, the latter urges that the lower court erred in holding that there was no contract containing reciprocal obligations; in confusing the term of the contract with a conditional obligation; in appraising the value of the lot; and in rendering an erroneous judgment, contrary to law.

We deem it unnecessary to enter into a detailed discussion of each of those assignments of error, because we think that if the lower court erred at all, it was in not sustaining the demurrer and dismissing the complaint, since the facts alleged therein are not sufficient to constitute a cause of action.

The agreement sought to be specifically enforced is a mere option to sell wherein the owner of an immovable binds himself to sell it to another person for an agreed price, upon the fulfillment of an express condition of the contract, to wit, "as soon as the Federal Housing Administration through Banco Popular de Puerto Rico, accepts said lot for the construction of a house which shall be built with funds borrowed from said federal agency."

We have carefully read the complaint and we fail to find therein any allegation to the effect that the Federal Housing Administration had accepted at any time the lot in question for the construction thereon of a house with money which was to be furnished for said purpose by that institution. So

long as that condition remained unfulfilled the defendants were not bound to sell the lot to the plaintiff. The acceptance of the lot and the granting of the loan by the federal agency constituted an important condition for those who had undertaken to sell the lot to the plaintiff. The land belonging to the heirs of Viera, as it appears from the evidence introduced, was devoted to a devolpment; and it was natural that the owners of said land should require, as a condition precedent to the conveyance of a lot, that the latter should be accepted for building thereon with federal funds, since in this manner they would have the assurance that the buildings would be in accordance with the standards, plans, and conditions, approved by the federal agency.

The defects in the allegations of the complaint were not cured by the evidence. Mr. Juan Silva Negrón, appraiser for the Federal Housing Administration and a witness for the plaintiff, stated that he inspected the defendants' land "to see if it qualified for the loan"; that the result of this investigation was that the land was never approved as a development site acceptable for loans, since the requisites demanded by the Federal Housing Administration had not been complied with; that a loan can not be granted if the site has not been previously approved; that the lot in question was never accepted by the Federal Housing Administration; and that plaintiff Miranda never filed any application for a loan in connection with the land of Viera.

The allegation in the complaint that the failure to approve the loan in favor of the plaintiff was due to the negligence of the defendants in not furnishing the data required by the bank and by the federal agency is not supported by the evidence. Moreover, nowhere in the agreement between the parties do we find any clause whereby the defendants bound themselves in any way to furnish information which would aid the plaintiff in obtaining the loan.

We think that the trial court did not err in holding that the contract between the parties did not contain reciprocal obligations. Viera and his wife agreed to sell the lot to the plaintiff for $750 upon fulfillment of the condition, that is, if the lot was accepted for building thereon a house with federal funds. It does not appear from the contract that the plaintiff paid any money or that he bound himeslf to do anything by way of consideration for the option to purchase which was granted to him. It does not even appear that plaintiff bound himself to purchase the lot as soon as the latter were accepted by the Federal Housing Administration.

The judgment appealed from should be affirmed.

Mr. Justice Snyder did not participate herein.